Ryan E. Hatch (SBN 235577)
**HATCH LAW, P.C.**
13323 Washington Blvd, Suite 302
Los Angeles, CA 90066
(310) 279-5076 Telephone
(310) 693-5328 Facsimile
ryan@hatchlaw.com

Alan Sege (SBN 177350)
**ALAN SEGE ESQ., PC**
13323 Washington Blvd, Suite 302
Los Angeles, CA 90066
(310) 957-3301 Telephone
alan@alansege.com

*Attorneys for Plaintiff Actian Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIAN CORPORATION<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ENOCEAN INC., ENOCEAN USA INC., ENOCEAN EDGE INC., and ENOCEAN GMBH<br><br>　　　　　Defendants. | Case No. 5:24-cv-1470<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT**<br><br>**Jury Trial Demanded** |

　　　　Plaintiff, Actian Corporation ("Plaintiff" or "Actian"), hereby files this Original Complaint and asserts, through its attorneys, claims against EnOcean Inc., EnOcean USA Inc., EnOcean Edge Inc., and EnOcean GmbH (collectively, "EnOcean" or "Defendants").

**INTRODUCTION**

　　　　1.　　In this case, Actian asserts claims for breach of contract, copyright infringement and negligence against defendants EnOcean.

2. If you live, work and breathe in any building with HVAC systems made by major manufacturers like Johnson Controls or Honeywell, there is a good chance that your air is heated, cooled and filtered using EnOcean's software, including Actian copyrighted computer programs, which EnOcean reproduces, distributes and monetizes with no license from Actian, infringing Actian's copyrights.

3. The Actian software at issue in this lawsuit includes, without limitation, versions of Actian's FastObjects computer programs, formerly entitled POET ("FastObjects") (the "Software"). The Software is protected by valid copyrights owned by Actian, including without limitation U.S. Copyright Registration Nos. TX0009355977 (POET version 4.0.0.0.25), TXu002341608 (POET version 5.1), TX0009356207 (POET version 5.0.3.88), Copyright Registration Nos. TXu002344685 (FastObjects version 8), TX0009328613 (FastObjects version 8), TX0009232880 (FastObjects version 9.5), TX0009322004 (FastObjects 10), TX0009322008 (FastObjects 11), TX0009327286 (FastObjects 12), TX0009366869 (FastObjects 14), TX0009328206 (POET version 5.1), and TX0009367924 (POET Developer Network 1997, No.2) (collectively, the "Copyrights").

4. EnOcean, and companies that preceded it exploiting the Software for their own financial gain, create computer programs, including "LonWorks" through which building owners or managers control their climate control and HVAC systems made by EnOcean's customers who are major manufacturers. It has come to light that EnOcean and potentially those preceding distributors have been reproducing and distributing copies of the Software without any license by Actian, beyond the scope of any license granted by Actian. And in the case of EnOcean's predecessors, they exploited the Software in material breach of license so severe, that the license terminated.

5. Completing the process of abuse and disregard of Actian's rights, in October 2023, EnOcean announced itself to be the inheritor of a license agreement with Actian, announcing further that it refused to assume all of the terms and conditions under that license agreement, but only the obligations following the date of EnOcean's self-interested pronouncement. Maybe

EnOcean's aim was to enjoy all of the benefits of an Actian license, leaving Actian to enforce its rights only against EnOcean predecessors who now have no more need for the Software. In all events, by the time EnOcean claims to have acquired the license agreement, the licensee (from whom EnOcean claims to have acquired the license agreement), was in material breach. Soon thereafter that license agreement was terminated for material breach.

6. Until today, EnOcean has never purchased or received a license of any type with respect to the Software from Actian. Until today, EnOcean has not acquired from any third party any license to use, reproduce, distribute copies or in any other manner exploit or commercialize Actian's software. And the license agreement that EnOcean feigns acquiring does not exist because it was terminated long ago.

7. But every day, EnOcean continues to reproduce, distribute and sell copies of the Actian software with zero regard for Actian's rights under any contract or copyright.

8. The agreement to which EnOcean now purports to be a party – the "Actian OEM Agreement," dated December 11, 1995, between a predecessor to Actian, Versant Corporation, and Echelon Corporation (the "OEM Agreement," attached hereto as Exhibit A), is an integrated written agreement, including entire agreement and non-waiver clauses. And it does not work the way EnOcean wishes. The anti-assignment clause written in Section 12.2 of the OEM Agreement prevents *exactly* EnOcean's current scheme. Any assignee is required to assume *all* of the terms and conditions of the OEM Agreement, without reservation, and therefore without palming off past liabilities on predecessors with no current incentive or business need to honor Actian's rights.

## THE PARTIES

9. Actian Corporation is a Delaware corporation that has its principal place of business in the Northern District of California. Actian is a software development and services company whose primary focus is hybrid data management, integration, and analytics.

10. EnOcean Inc. is a Delaware corporation with a principal place of business at 8184 S Highland Dr Ste C5 Sandy, UT 84093. EnOcean Inc. can be served by its registered agent for service of process at Corporation Service Company - 251 Little Falls Dr, Wilmington, DE 19808.

11. EnOcean USA, Inc. is a Delaware corporation with a principal place of business at 8184 S Highland Dr Ste C5 Sandy, UT 84093. EnOcean USA can be served by its registered agent for service of process at Corporation Service Company - 251 Little Falls Dr, Wilmington, DE 19808.

12. EnOcean Edge Inc. is headquartered at 8184 S Highland Dr Ste C5 Sandy, UT 84093. EnOcean Edge Inc. can be served by its registered agent for service of process at Corporation Service Company - 251 Little Falls Dr, Wilmington, DE 19808.

13. EnOcean GmbH is a Germany corporation entity with a principal place of business at Kolpingring 18a 82041 Oberhaching Germany.

## JURISDICTION AND VENUE

14. The Court has subject-matter jurisdiction over this action. This action arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* The Court therefore has jurisdiction pursuant to 28 U.S.C. § 1331. Separately, the Court has jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000. For example, Actian is a citizen of California and Delaware, and EnOcean GmbH is a citizen of Germany. The Court also has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367.

15. The Court has personal jurisdiction over EnOcean, and EnOcean is subject to personal jurisdiction in California and in the Northern District of California. EnOcean and its controlled affiliated companies conduct business in this District, including by providing products and software to major customers located in California, which, on information and belief, includes the Software. EnOcean has, through these locations in California and in this District, committed acts of infringement and breach of contract as described herein.

16. Venue is proper in this District. A substantial part of the events or omissions giving rise to claims herein occurred in this District. Furthermore, EnOcean resides in this District for purposes of 28 U.S.C. § 1391 because EnOcean, or its controlled companies publicly and regularly operate, maintain, and conduct business in this District.

PLAINTIFF'S ORIGINAL COMPLAINT

17. Moreover, the claims and allegations described in this complaint arise out of EnOcean's purposeful contacts with California. For example, the OEM Agreement and amendments to it were negotiated and executed in this District, and EnOcean became party to the OEM Agreement with a predecessor of Actian, Versant Corporation, which resided in this District, as does Actian. Section 12.1 of the OEM Agreement provides that "[t]his Agreement shall be governed by and interpreted in accordance with the laws of California," and further provides that applies California law applies to breach of contract and other claims "related to or arising out of" the agreement.

18. Further, EnOcean has directed communications regarding the distribution of the Software to California, has committed acts of breach of contract and copyright infringement in California. Moreover, EnOcean has made substantial distributions and, on information and belief, sublicenses of its computer software applications ("Applications") containing EnOcean software in California and in this District, which included such distributions that were infringing and not properly reported and paid for.

19. As recently as last year, EnOcean personnel responsible as product managers of LonWorks tools and other EnOcean software that includes Actian's Software have conducted business and operational discussions with Actian from those EnOcean staffpersons places of work in California, in this District.

20. Defendants also have employees and seek employees in this District and throughout the State of California, including, for example, the following employees:

- Joseph Doan, San Jose, CA

  Software Development Engineer, September 2022-Present

- Michael Burgett, Newark, CA

  Principal Software Developer, July 2020-Present

- Rich Blomseth, San Jose, CA

  Director of Product Management, (including management of products that include Actian Software) October 2022-Present

- Robert Guzikowski, San Francisco, CA

  Senior Solutions Architect, October 2022-Present

- Darron Fick, San Jose, CA

  Embedded Software Developer, October 2022-Present

- Mike Berke, Newark, CA

  Principal Module and Systems Engineer, October 2022-Present

- Avinash Agrawal, San Francisco, CA

  VP of Engineering, 2019-2020, Senior Director of Engineering, 2020-2023

- Xiuyan Guo, Mountain View, CA

  Engineer, March 2009-Present

21. Defendants also maintain a Nonprofit Organization, EnOcean Alliance, in California, with their office located in in 5000 Executive Parkway, Suite 302 San Ramon, CA.

22. Plaintiff further incorporates the allegations in this Complaint herein for purposes of jurisdiction and venue.

## FACTUAL BACKGROUND

23. Actian is renowned for its innovative data management, integration, and analytics technologies. Actian has an installed base of many thousands of customers including large global enterprises, public sector entities, and small to medium enterprises.

24. The Actian software at issue in this lawsuit is the FastObjects software, including but not limited to version 11.0.4.104 of such software. The FastObjects software is used to manage data in complex environments in need of high-performance capabilities.

25. EnOcean is an energy harvesting technology company that offers wireless technology for automated systems and various Applications. A number of those Applications such as those in its "LonWorks" suite of Applications rely upon FastObjects software to function. EnOcean distributes the Applications containing FastObjects software to laboratories and businesses across the world, including those located in California.

26. In a letter to Actian dated, October 1, 2022, Renesas Design Czech s.r.o. (d.b.a. Dialog Semiconductor US Inc.) ("Renesas"), a party claiming to be a valid successor to Echelon Corporation's rights under the OEM Agreement, wrote that on September 18, 2022, it assigned all rights and obligations under the OEM agreement to "EnOcean Inc." – a company that on Actian's information and belief does not exist. Section 12.2 of the OEM Agreement conditions assignment of rights under the OEM Agreement to a purchaser of "all or substantially all of," the "assets" of a Party, on "the assignee agrees in writing to be bound by all of the terms and conditions of the Agreement." No successor to Renesas, including any entity known as EnOcean, has ever agreed to that in writing. In fact, on more than one occasion, including in a letter dated July 8, 2023, persons or entities identifying themselves by the name EnOcean have in writing confirmed the opposite, that EnOcean *refuses* to be bound to any terms or conditions of the OEM Agreement with respect to any "obligations prior to October 1, 2022."

27. Moreover, beginning when EnOcean came onto the scene, on or about October 1, 2022 and continuing through March of 2023, Actian learned that, even if it had been assigned rights under the OEM Agreement (which it has not), EnOcean has engaged in acts that constitute breach of contract and copyright infringement, as described more fully herein.

28. Moreover, since it portended to take over the OEM Agreement, EnOcean has not performed, and has refused to perform, under the reporting provisions of the OEM Agreement. And EnOcean has refused Actian the right to audit EnOcean's compliance under the auditing provisions of the OEM Agreement. EnOcean has not paid fees and royalties that would have been owed to Actian under the OEM Agreement, and has failed to calculate any such fees or royalties correctly.

29. As a result of Renesas' wrongful conduct, on March 10, 2023, Actian provided notice of breach and the opportunity to cure. Renesas failed to cure the breaches, including within the 30-day cure period that Actian provided or otherwise.

30. Entirely disregarding substantially all obligations under the OEM Agreement, Actian's breach notice had no effect on Renesas, and no effect upon EnOcean's infringing

exploitation of Actian's Software, or its sense of entitlement. Instead, EnOcean's disregard only manifested further.

31. At length, all material breaches by Renesas remaining uncured, the OEM Agreement was terminated on March 10, 2023.

32. Even if Actian were to set aside EnOcean's purposeful disregard of the conditions for receiving an assignment of the OEM Agreement, even since its self-declared assumption of the license in October, 2022, EnOcean has disregarded and breached virtually every material condition of the OEM Agreement since that time, even if the OEM Agreement were in force, providing EnOcean a license (which it is not). By way of very brief example, EnOcean withholds all information to which Actian is entitled regarding "Subdistributors" under Section 2.2, and fails to provide Actian with any revisions to its license agreements for end-users as required under Section 2.3.

33. Moreover, without regard for any restrictions in the OEM Agreement, EnOcean continues to engage in distributions and receive revenue from permitting many or all end-users themselves to reproduce and distribute copies of the Software in violation of the material compensation terms of the OEM Agreement, including those of Exhibit B. It does this by permitting end-users to make unlimited copies of the Software, not keeping any record of the reproduction and distribution of copies, not reporting the copies to Actian following each calendar quarter, not reporting to Actian its true "Gross Revenues" from distributing EnOcean's LonWorks applications that include the Software, and not paying Actian what would be owed by EnOcean, were it even a party to the OEM Agreement. On information and belief, EnOcean continues to include the Software within Applications other than LonWorks and associated tools. The OEM Agreement provides no such right, and all such distributions are outside the scope of the license granted under the OEM Agreement and constitute material breaches.

34. Negotiations for any business resolution, or even for providing EnOcean with a license to reproduce and distribute copies of the Software for the future have failed. EnOcean

persists in unlawfully reproducing and distributing the Software without license, or in all events, in continued material breach of the OEM Agreement.

35. Wholly ignored by EnOcean, Actian was constrained to file suit.

## FIRST CLAIM OF RELIEF

### Copyright Infringement

36. Actian restates and incorporates by reference every allegation in the preceding paragraphs.

37. Actian is the owner of the Copyrights, which are valid. The Copyrights include, without limitation, U.S. Copyright Registration Nos. TX0009355977 (POET version 4.0.0.0.25), TXu002341608 (POET version 5.1), TX0009356207 (POET version 5.0.3.88), Copyright Registration Nos. TXu002344685 (FastObjects version 8), TX0009328613 (FastObjects version 8), TX0009232880 (FastObjects version 9.5), TX0009322004 (FastObjects 10), TX0009322008 (FastObjects 11), TX0009327286 (FastObjects 12), TX0009366869 (FastObjects 14), TX0009328206 (POET version 5.1), and TX0009367924 (POET Developer Network 1997, No.2).

38. EnOcean has committed acts of copyright infringement violating one or more of the Copyrights, including without limitation by the following acts:

39. Not being a party to the OEM Agreement, with no license or right to do so, EnOcean has itself, or in concert with others, reproduced and distributed copies of the Software from at least as early as September 18, 2022.

40. In the alternative, if EnOcean were a party to the OEM Agreement, and if that OEM Agreement has not been terminated, EnOcean has itself, or in concert with others, reproduced and distributed copies of the Software, in violation of material conditions of the OEM Agreement or beyond the scope of the license provided in the OEM Agreement, including without limitation, by failing to pay any royalties as required under the OEM Agreement (including but not limited to where the Software is bundled with other products or applications), by failing to keep records or make reports as required under the OEM Agreement, by failing to submit to an

audit as required under the OEM Agreement, by failing to provide copies of End User Licenses under the OEM Agreement, by failing to comply with any of the post-termination provisions under the OEM Agreement, and by failing to accept all of the terms and conditions under the OEM Agreement, as the OEM Agreement requires of any assignee and particularly of an assignee who acquires rights through the purchase of "all or substantially all" of the assets of a party to the OEM Agreement.

41.  The foregoing are only examples of EnOcean's acts of copyright infringement, and there are likely other acts of infringement of which Actian remains unaware.

42.  EnOcean's infringement has been willful and intentional.

43.  As a direct and proximate result of EnOcean's wrongful conduct, Actian is entitled to damages in an amount to be proven at trial. Such damages include, but are not limited to, Actian's actual damages and EnOcean's profits attributable to infringement, as well as the gross revenues of EnOcean's sublicensees, sub distributors, and end users attributable to infringement in light of the contributory infringement. Moreover, to the extent permissible under the law, Actian seeks recovery of its attorneys' fees and costs, under 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### Breach of Contract

44.  Actian restates and incorporates by reference every allegation in the preceding paragraphs.

45.  While EnOcean is not party to any valid contract for the Software, Actian pleads this claim of breach of contract in the alternative, because EnOcean contends that the OEM Agreement is a valid written contract between Actian and EnOcean. Even if EnOcean were correct, then they are liable for breach of contract.

46.  Actian performed under the OEM Agreement, including by providing EnOcean access to the FastObjects software, pursuant to the terms of the OEM Agreement, and by otherwise complying with and performing with the OEM Agreement.

PLAINTIFF'S ORIGINAL COMPLAINT

47. EnOcean has breached the OEM Agreement, including without limitation by acting and failing to act in at least the following ways:

   a. EnOcean has failed to provide royalty reports in breach of Section 3.2 of the OEM Agreement;

   b. EnOcean has refused to submit to audits in breach of Section 3.3;

   c. EnOcean has failed to provide end user sublicenses or any changes in them in breach of Section 2.3;

   d. EnOcean has failed to agree in writing to be bound by all terms and conditions of the OEM Agreement, in violation of Section 12.2 of the OEM Agreement requiring particularly of an assignee who acquires rights through the purchase of "all or substantially all" of the assets of a party to the OEM Agreement;

   e. EnOcean has failed to comply in any manner with the post-termination provisions including without limitation those set forth in Section 6.4, for example by neither returning nor certifying destruction of all copies of the Software in its possession;

   f. On information and belief, EnOcean as failed to include Actian's proprietary rights notices and omits Actian's name as the owner of the software;

   g. On information and belief, EnOcean has failed to add value to the software by adding its own software in breach of Section 2.6; and

   h. EnOcean has failed to pay royalties in breach of Section 3.2 and Exhibit B of the OEM Agreement, including but not limited to royalties associated with bundling for sale or license the Software with other products or applications, in which case the royalty shall be based upon gross revenues attributable to the OEM Application, meaning applications that comprise a combination of the Software with other computer programs. EnOcean breached by basing royalties not on gross revenues attributable to the OEM Application, as required, but instead on a fraction of those revenues.

48. The foregoing are only exemplary breaches, and there are likely other breaches and infringements, including ones of which Actian remains unaware.

49. EnOcean's breaches have directly and proximately caused Actian damage.

50. Actian seeks recovery of all compensatory and other damages caused by EnOcean's breaches.

## THIRD CLAIM OF RELIEF

### (Negligence)

51. Actian restates and incorporates by reference every allegation in the preceding paragraphs.

52. EnOcean owed a duty of care to Actian to review and properly assume an assignment of the OEM Agreement from Renesas, and thereafter to report to Actian, pay Actian, submit to audits by Actian and in all other respects comply with the OEM Agreement, and in the alternative not to engage in any reproducing, distributing and infringing of Actian's copyrighted works, including without limitation the Software.

53. To the extent EnOcean's view at the time was that the OEM Agreement was unclear about assignment rights, EnOcean owed Actian a duty of care to review, understand and attempt to comply with the terms and conditions of the OEM Agreement, and to communicate and consult with Actian at the time, before engaging in potentially unlawful behavior by failing to execute a valid purchase under the terms of the Agreement.

54. Even if EnOcean (erroneously) believed that it was assigned rights by a contracting party under the OEM Agreement, EnOcean breached its duty of care to Actian by failing to review the Agreements at the time they engaged in their actions, and EnOcean further breached their duty of care to Actian by failing to consult with Actian as to whether the Agreements permitted their planned course of action.

55. And even if EnOcean (erroneously) believed that it was assigned rights by a contracting party under the OEM Agreement, EnOcean breached its duty of care to communicate

and consult with Actian at the time, before engaging in its series of acts and omissions violating the OEM Agreement and infringing Actian's copyrights.

56. EnOcean's breach caused Actian harm including without limitation anguish, expenditure of time, money and other resources in efforts to investigate and recover from EnOcean's negligent conduct.

57. EnOcean is liable to Actian for compensatory damages. Actian also seeks an injunction against further negligent conduct by EnOcean.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Actian Corporation prays for judgment against Defendants as follows:

1. Finding Defendants liable for copyright infringement, including vicarious and contributory copyright infringement, since it was not an assignee under the OEM Agreement;

2. In the alternative, finding Defendants liable for breach of the OEM Agreement;

3. Finding Defendants liable for Actian's actual and compensatory damages in an amount to be proven at trial;

4. Finding Defendants liable for damages under the Copyright Act, including Actian's actual damages, Defendant's profits attributable to infringement, and the profits of Defendants' customers, sublicensees and sub distributors attributable to infringement;

5. Finding Defendants alternatively liable for statutory damages, including willful infringement, under the Copyright Act;

6. A preliminary and permanent injunction against Defendants prohibiting further acts of breach of contract and copyright infringement;

7. Finding Defendants liable for Plaintiff's attorneys' fees and costs;

8. Finding Defendants liable for interest in the maximum amount allowable for all asserted claims;

9. Awarding Plaintiff all such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38, Plaintiff requests a trial by jury of any issues so triable by right.

Dated: March 11, 2024

By: /s/ Ryan E. Hatch

Ryan E. Hatch (SBN 235577)
**HATCH LAW, P.C.**
13323 Washington Blvd, Suite 302
Los Angeles, CA 90066
(310) 279-5076 Telephone
(310) 693-5328 Facsimile
ryan@hatchlaw.com

Alan Sege (SBN 177350)
**ALAN SEGE ESQ., PC**
13323 Washington Blvd, Suite 302
Los Angeles, CA 90066
(310) 957-3301 Telephone
alan@alansege.com

*Attorneys for Plaintiff Actian Corporation*