1  J. Craig Crawford (SBN 238466)
   ccrawford@carr-mcclellan.com
2  CARR MCCLELLAN P.C.
   216 Park Road
3  Burlingame, CA  94010
   Telephone: 650-342-9600
4  Facsimile: 650-342-7685

5  Attorneys for Defendants,
   ENOCEAN INC.,
6  ENOCEAN USA INC.,
   ENOCEAN EDGE INC., AND
7  ENOCEAN GMBH

8              **UNITED STATES DISTRICT COURT**

9          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                      **(SAN JOSE)**

11 ACTIAN CORPORATION,                    Case No.:   5:24-CV-01470-EKL

12              Plaintiff,                **DEFENDANTS ENOCEAN INC,
                                          ENOCEAN USA, INC., ENOCEAN EDGE,**
13      v.                                **INC., AND ENOCEAN GMBH'S ANSWER
                                          TO ACTIAN CORPORATION'S FIRST**
14 ENOCEAN INC., ENOCEAN USA INC.,        **AMENDED COMPLAINT**
   ENOCEAN EDGE INC., ENOCEAN GMBH,
15 RENESAS DESIGN CZECH S.R.O.
   DBA DIALOG SEMICONDUCTOR US            Judge:        Hon. Eumi K. Lee
16 INC., RENESAS ELECTRONICS
   CORPORATION, and RENESAS              Action Date:  03/11/2024
17 ELECTRONICS AMERCIA INC.

18              Defendants.

19

20

21

22

23

24

25

26

27

28

*Sidebar (vertical text):* CARR MCCLELLAN P.C. / 216 PARK ROAD / BURLINGAME, CA  94010

CARR MCCLELLAN P.C.
216 PARK ROAD
BURLINGAME, CA 94010

## ANSWER TO COMPLAINT

Defendants EnOcean Inc., EnOcean USA Inc., EnOcean Edge Inc., EnOcean GmbH, (collectively, "EnOcean"), hereby assert the following answers and affirmative defenses to the First Amended Complaint ("Complaint") of Actian Corporation ("Actian") as follows:

## INTRODUCTION

1.      Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean admits that the Complaint purports to assert claims for breach of contract, copyright infringement under the Federal Copyright Act, and negligence against Renesas Design Czech s.r.o. dba Dialog Semiconductor US Inc., Renesas Electronic Corporation and Renesas Electronics America Inc. (collectively, "Renesas"), as well as EnOcean.

2.      Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean admits that its software is used in HVAC systems, including a few made by major manufacturers such as Honeywell.  EnOcean also admits that its software incorporates Actian copyrighted computer programs and that EnOcean reproduces, distributes, and monetizes Actian copyrighted computer programs.  Except as expressly admitted, EnOcean denies the remaining allegations in paragraph 2.

3.      Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and on that basis denies these allegations.

4.      Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean admits that it creates computer programs through which building owners or managers control their climate control and HVAC systems made by EnOcean's customers. EnOcean denies that these products include a product named "LonWorks," but instead includes several suites of software products, including LNS ("LNS") and IzoT ("IzoT").  Except as expressly admitted or denied, EnOcean lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and on that basis denies these allegations.

5.      Paragraph 5 states a legal conclusion to which no response is required. To the extent a

response is required, EnOcean admits that it informed Actian in July 2023 that it had acquired a license agreement with Actian and would perform under the license agreement from the date of acquisition. Except as expressly admitted, EnOcean denies the remaining allegations.

6.      Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean denies these allegations.

7.      Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean denies these allegations.

8.      Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean admits that the OEM Agreement, which is attached to the Complaint as Exhibit A, is an integrated written agreement, including entire agreement and non-waiver clauses. Except as expressly admitted, EnOcean denies the remaining allegations.

## THE PARTIES

9.      EnOcean lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

10.     Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean admits that EnOcean Inc. is a Delaware corporation with a principal place of business at 8184 S Highland Dr. Ste C5, Sandy, UT 84093 and that its registered agent for service of process is Corporation Services Company, 251 Little Falls Dr., Wilmington, DE 19808.

11.     Paragraph 11 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean admits that EnOcean USA, Inc. is a Delaware corporation with a principal place of business at 8184 S Highland Dr. Ste C5, Sandy, UT 84093 and that its registered agent for service of process is Corporation Services Company, 251 Little Falls Dr., Wilmington, DE 19808.

12.     Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean admits that EnOcean Edge Inc. is headquartered at 8184 S Highland Dr. Ste C5, Sandy, UT 84093 and that its registered agent for service of process is Corporation Services Company, 251 Little Falls Dr., Wilmington, DE 19808.

CARR McCLELLAN P.C.
216 PARK ROAD
BURLINGAME, CA 94010

DEFENDANTS ENOCEAN INC, ENOCEAN USA, INC., ENOCEAN EDGE, INC., AND ENOCEAN GMBH'S
ANSWER TO ACTIAN CORPORATION'S FIRST AMENDED COMPLAINT
Case No. 5:24-CV-01470-EKL

13.     EnOcean admits that EnOcean GmbH is a German corporation entity with a principal place of business at Kolpingring 18a 82041 Oberhaching, Germany.

14.     Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and on that basis denies the allegations.

15.     Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and on that basis denies the allegations.

16.     Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and on that basis denies the allegations.

## JURISDICTION AND VENUE

17.     Paragraph 17 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean admits that the Complaint purports to assert an action for copyright infringement under the Federal Copyright Act and that the Court would have subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, if Actian establishes that it holds valid copyright registrations for the works asserted.  EnOcean also admits that the Court would have supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367 if Actian is able to otherwise establish subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.  For purposes of this case, EnOcean does not contest the other basis of jurisdiction asserted against it in paragraph 17. EnOcean lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the citizenship of Renesas Design Czech s.r.o. and Renesas Electronics Corporation. EnOcean denies the remaining allegations.

18.     Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is required, for the limited purpose of this case, EnOcean does not contest that this Court has personal jurisdiction over it and Renesas.  EnOcean denies the remaining allegations.

19.     Paragraph 19 states a legal conclusion to which no response is required. To the extent

CARR McCLELLAN P.C.
216 PARK ROAD
BURLINGAME, CA 94010

CARR MCCLELLAN P.C.
216 PARK ROAD
BURLINGAME, CA 94010

a response is required, EnOcean does not contest that venue is proper in this district. EnOcean denies the remaining allegations.

20.     Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean admits that it has contacts with California.  Except at expressly admitted, EnOcean lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

21.     Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean admits that it has had communications regarding the distribution of the Software to California and has distributed sublicenses of its Applications containing EnOcean software in California and this District.  EnOcean lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Renesas directed communications regarding any distribution of the Software to California, or distributed sublicenses in California.  EnOcean denies the remaining allegations.

22.     EnOcean admits that, as recently as last year, and previously when Renesas operated the Echelon business, Defendants' personnel responsible as product managers of LNS and IzoT have conducted business and operational discussions with Actian from EnOcean's offices in California and in this District.  Except as expressly admitted, EnOcean denies the remaining allegations.

23.     EnOcean admits that it employs and seeks employees in this District and throughout the State of California, including the following employees:

- Joseph Doan, San Jose, CA
  Software Development Engineer, September 2022-Present

- Michael Burgett, Newark, CA
  Principal Software Developer, July 2020-Present

- Rich Blomseth, San Jose, CA
  Director of Product Management (including management of products that include Actian Software), October 2022-Present

- Robert Guzikowski, San Francisco, CA
  Senior Solutions Architect, October 2022-Present

- Darron Fick, San Jose, CA
  Embedded Software Developer, October 2022-December 2023

- Mike Berke, Newark, CA
  Principal Module and Systems Engineer, October 2022-January 2024

- Avinash Agrawal, San Francisco, CA
  VP of Engineering, 2019-2020, Senior Director of Engineering, 2020-December 2022

EnOcean lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Renesas employees Terence Chen, Winnie W., Shaina Lumish, Ryan (Ryo) M., David Lee, and John Jeter.  EnOcean denies the remaining allegations.

24.     EnOcean admits that it is a director of a nonprofit organization, EnOcean Alliance, in California, whose office is located at 5000 Executive Parkway, Suite 302 San Ramon, CA.

25.     EnOcean lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and on that basis denies the allegations.

26.     Paragraph 26 states a legal conclusion to which no response is required.

## FACTUAL BACKGROUND

27.     EnOcean lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and on that basis denies the allegations.

28.     Paragraph 24 states a legal conclusion to which no response is required.  To the extent a response is required, EnOcean admits that the Complaint identifies the FastObjects software, including but not limited to version 11.0.4.104 of such software, as the software at issue in this lawsuit. EnOcean admits that FastObjects is used to manage data, including data in complex environments in need of high-performance capabilities.  EnOcean denies that FastObjects version 11.0.4.104 is actually at issue in this lawsuit.

29.     EnOcean admits that it is a technology company that offers, among other things, energy harvesting powered wireless technology.   EnOcean admits that the FastObjects software is incorporated in the LNS and IzoT suites, and that EnOcean distributes these software suites to businesses across the world, including those located in California.  Except as expressly admitted, EnOcean denies the allegations in that paragraph.

30.     EnOcean admits that Section 12.2 of the OEM Agreement sets forth the relevant provisions for the assignment of the OEM Agreement, and that EnOcean wrote to Actian on July 8,

CARR MCCLELLAN P.C.
216 PARK ROAD
BURLINGAME, CA 94010

1    2023, confirming that it would perform all obligations under the OEM Agreement after the date that

2    it acquired the OEM Agreement from Renesas on October 1, 2022, but would not assume any

3    obligations before that date.  Except as expressly admitted, EnOcean denies the remaining allegations.

4          31.     Paragraph 31 states a legal conclusion to which no response is required.  To the extent

5    a response is required, EnOcean denies the allegations in this paragraph.

6          32.     EnOcean denies the allegations in paragraph 32.

7          33.     Paragraph 33 states legal conclusions to which no response is required.  To the extent

8    a response is required, EnOcean denies that its conduct was wrongful. EnOcean lacks knowledge or

9    information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33, and

10   on that basis denies the allegations.

11         34.     Paragraph 34 states a legal conclusion to which no response is required.  To the extent

12   a response is required, EnOcean denies the allegations in that paragraph.

13         35.     Paragraph 35 states legal conclusions to which no response is required.  To the extent

14   a response is required, EnOcean lacks knowledge or information sufficient to form a belief as to the

15   truth of the allegations in paragraph 35, and on that basis denies the allegations.

16         36.     Paragraph 36 states legal conclusions to which no response is required.  To the extent

17   a response is required, EnOcean admits that it has acted as a party to the OEM agreement. EnOcean

18   denies the remaining allegations in paragraph 36.

19         37.     Paragraph 37 states legal conclusions to which no response is required.  EnOcean

20   admits that it distributes the LNS and IzoT software suites that incorporate FastObjects.  EnOcean

21   admits that it receives revenue from some end-users who are permitted to reproduce and distribute

22   copies of the LNS software suite.  EnOcean also admits that it permits end-users of the LNS software

23   suite to make copies without limitation so long as they report and pay for those copies. Except as

24   expressly admitted, EnOcean denies the remaining allegations.

25         38.     Paragraph 38 states a legal conclusion to which no response is required.  To the extent

26   a response is required, without admitting that a negotiated resolution is necessary or that it does not

27   have a valid license, EnOcean admits that the parties have not been able to reach a negotiated

CARR McCLELLAN P.C.
216 PARK ROAD
BURLINGAME, CA 94010

28

resolution. EnOcean also admits that it continues to reproduce and distribute the software. Except as expressly admitted, EnOcean denies the remaining allegations.

39.    EnOcean denies the allegations in paragraph 39.

### FIRST CLAIM OF RELIEF
### (Copyright Infringement)

40.    Paragraph 40 states a legal conclusion to which no response is required.

41.    Paragraph 41 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and on that basis denies the allegations.

42.    Paragraph 42 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean denies the allegations in paragraph 42.

43.    EnOcean admits that it has, itself and with others, reproduced and distributed copies of the Software since October 1, 2022. Except as expressly admitted, EnOcean denies the remaining allegations in paragraph 43.

44.    Paragraph 44 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean admits that it did not follow the post-termination provisions of the OEM agreement but expressly denies that it had any obligation to do so because the OEM Agreement has not been terminated. Except as expressly admitted or denied, EnOcean denies the remaining allegations.

45.    Paragraph 45 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean denies the allegations in paragraph 45.

46.    Paragraph 46 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean denies the allegations in that paragraph.

47.    Paragraph 47 states a legal conclusion to which no response is required. To the extent a response is required, EnOcean denies the allegations in that paragraph.

CARR MCCLELLAN P.C.
216 PARK ROAD
BURLINGAME, CA 94010

1

### SECOND CLAIM OF RELIEF
### (Breach of Contract)

2

3     48.    Paragraph 48 states a legal conclusion to which no response is required.

4     49.    Paragraph 49 states a legal conclusion to which no response is required.  To the extent

5     a response is required, EnOcean admits that it contends that the OEM Agreement is a valid written

6     contract between Actian and EnOcean.  Except as expressly admitted, EnOcean denies the remaining

7     allegations.

8     50.    Paragraph 50 states a legal conclusion to which no response is required.  To the extent

9     a response is required, EnOcean admits that Renesas was a party to the OEM Agreement and that the

10    OEM Agreement is still in effect. EnOcean lacks knowledge or information sufficient to form a belief

11    as to the truth of the allegation in paragraph 50 that Renesas breached the OEM Agreement, and on

12    that basis denies that allegation.

13    51.    Paragraph 51 states a legal conclusion to which no response is required.  To the extent

14    a response is required, EnOcean admits that Actian has provided EnOcean with access to the

15    FastObjects software.  Except as expressly admitted, EnOcean denies the remaining allegations.

16    52.    Paragraph 52 states a legal conclusion to which no response is required.  To the extent

17    a response is required, EnOcean denies the allegations in this paragraph.

18          a.    Denied.

19          b.    Denied.

20          c.    Denied.

21          d.    Denied.

22          e.    EnOcean admits that it has not performed the post-termination pursuant to

23    Section 6.4 of the OEM Agreement, but it expressly denies that the OEM Agreement has been

24    terminated or that the conditions to the parties' performance under Section 6.4 have been met.

25          f.    EnOcean admits that it does not include Actian's name or proprietary rights

26    notice in EnOcean's product documentation, but EnOcean denies that it has an obligation to do so or

27    that it otherwise "failed" to protect Actian's intellectual property rights, which EnOcean has fully

28

CARR MCCLELLAN P.C.
216 PARK ROAD
BURLINGAME, CA 94010

performed in compliance with its contractual and common law obligations. EnOcean lacks knowledge or information sufficient to form a belief as to the allegations that Renessa has failed to include Actian's proprietary rights notices and omits Actian's name as the owner of the software, and on that basis denies these allegations.

g.     EnOcean lacks knowledge or information sufficient to form a belief as to the allegations that Renessa failed to add value to the software by adding its own software, and on that basis denies these allegations. EnOcean denies the remaining allegations in paragraph 52(g).

h.     Paragraph 52(h) states a legal conclusion to which no response is required.  To the extent a response is required, EnOcean admits that it bundles products incorporating FastObjects with other products that do not contain FastObjects, and that it has paid Actian royalties based on the gross revenue of the bundled software incorporating FastObjects.  EnOcean lacks knowledge or information sufficient to form a belief as to the allegations that Renesas has failed to pay royalties owed under the OEM Agreement or that Renessa has paid (or failed to pay) royalties for bunded software incorporating FastObjects, and on that basis denies these allegations.  EnOcean denies the remaining allegations in paragraph 52(h).

53.     Paragraph 53 states a legal conclusion to which no response is required.  To the extent a response is required, EnOcean denies the allegations in that paragraph.

54.     Paragraph 54 states a legal conclusion to which no response is required.  To the extent a response is required, EnOcean denies the allegations in that paragraph.

55.     Paragraph 55 states a legal conclusion to which no response is required.  To the extent a response is required, EnOcean denies the allegations in that paragraph.

### THIRD CLAIM OF RELIEF
#### (Negligence)

56.     Paragraph 56 states a legal conclusion to which no response is required.

57.     Paragraph 57 states a legal conclusion to which no response is required.  To the extent a response is required, EnOcean denies the allegations in that paragraph.

58.     Paragraph 58 states a legal conclusion to which no response is required.  To the extent

CARR McCLELLAN P.C.
216 PARK ROAD
BURLINGAME, CA 94010

a response is required, EnOcean denies the allegations in that paragraph.

59.     Paragraph 59 states a legal conclusion to which no response is required.  To the extent a response is required, EnOcean denies the allegations in that paragraph.

60.     Paragraph 60 states a legal conclusion to which no response is required.  To the extent a response is required, EnOcean denies the allegations in that paragraph.

61.     Paragraph 61 states a legal conclusion to which no response is required.  To the extent a response is required, EnOcean denies the allegations in that paragraph.

62.     Paragraph 62 states a legal conclusion to which no response is required.  To the extent a response is required, EnOcean denies the allegations in that paragraph.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct, and without assuming any burden that EnOcean would not otherwise bear, EnOcean asserts the following defenses to the Complaint, incorporating by reference the foregoing answers as if fully set forth herein:

### FIRST DEFENSE

Plaintiffs fail to state a claim against Defendant on which relief can be granted.  As a matter of law, the third cause of action is barred by the economic loss doctrine.

### SECOND DEFENSE

Actian's claims are barred for a lack of subject matter jurisdiction because it lacks valid copyright registrations for the intellectual property rights asserted, or has not properly or timely registered its works.

### THIRD DEFENSE

Actian is not entitled to recover on its purported copyright claim because the asserted copyrights are invalid or unenforceable.

### FOURTH DEFENSE

Actian has authorized, implicitly, expressly or otherwise, EnOcean's allegedly infringing use of the Software, and thus Actian's copyright infringement claims are barred by Actian's license,

CARR MCCLELLAN P.C.
216 PARK ROAD
BURLINGAME, CA 94010

consent, and acquiescence to EnOcean's use.

### FIFTH DEFENSE

Any alleged conduct by EnOcean as set forth in the Complaint constitutes "fair use" pursuant to applicable copyright law.

### SIXTH DEFENSE

Actian's claims are barred by the doctrine of copyright misuse.

### SEVENTH DEFENSE

Actian's copyright claims are barred by the equitable doctrines of unclean hands, waiver, and/or estoppel.

### EIGHT DEFENSE

Actian's copyright claims are barred at least in part by the applicable statute of limitations.

### PRAYER FOR RELIEF

EnOcean respectfully requests that the Court deny Actian's prayers for relief 1 through 9, in their entirety and that Actian take nothing from its Complaint.

### DEMAND FOR JURY TRIAL

EnOcean joins in Actian's request for a jury trial on all issues triable by jury.

Dated: August 26, 2024                    CARR MCCLELLAN P.C.

                                          By:   /s/ J. Craig Crawford
                                          J. Craig Crawford
                                          Attorneys for Defendants,
                                          ENOCEAN INC., ENOCEAN USA INC.,
                                          ENOCEAN EDGE INC., AND ENOCEAN
                                          GMBH

CARR MCCLELLAN P.C.
216 PARK ROAD
BURLINGAME, CA 94010